UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61928-CIV-COHN/SELTZER

WILLIAM T.F. COWLEY,

      Plaintiff,

v.

SUNSET YACHT CHARTERS, INC.,

      Defendant.

_____/

### ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF THOMAS E. DANTI

**THIS CAUSE** is before the Court on Plaintiff William T.F. Cowley's Motion in

Limine to Exclude Testimony of Thomas E. Danti [DE 25].  The Court has considered

the motion, Defendant Sunset Yacht Charters, Inc.'s Response [DE 26], Plaintiff's

Reply [DE 44], and the record in this case, and is otherwise advised in the premises.

## I. BACKGROUND

This case arises out of Plaintiff's injuries allegedly sustained while working

aboard Defendant's 85' private pleasure motor yacht, the *Astrelle*.  According to the

Complaint [DE 1], Plaintiff sustained his injuries on October 15, 2007, when he fell after

repairing a broken windshield wiper.  He continued to suffer pain and undergo various

medical treatment after the incident.

The Complaint brings three counts against Defendant: Jones Act negligence

(Count I); unseaworthiness (Count II); and failure to provide prompt and adequate

maintenance and cure (Count III).  On April 19, 2011, Plaintiff disclosed Mr. James W.

Allen as an expert witness on the unseaworthiness count.  Mr. Allen submitted an Initial

Report [DE 18] and a Supplemental Report [DE 24-1] stating his opinions that "the M/Y Astrelle was an unseaworthy vessel due to the workload and being undermanned," Initial Rep. at 5, and that the lack of handrails on the steps leading to the coach roof "creat[ed] another unseaworthy condition . . . by failing to provide a safe place to work," Supp. Rep. at 3.  On April 19, 2011, Defendant disclosed to Plaintiff its intent to introduce Mr. Thomas E. Danti as an expert.  On May 6, 2011, Mr. Danti submitted a Rebuttal Report [DE 20-1 at 1-9] offering the following opinions:

    i.    "the vessel Astrelle was in fact properly manned," Reb. Rep. at 4;

    ii.    "the owners of the vessel Astrelle acted reasonably in manning the vessel," id.;

    iii.    Plaintiff "was responsible for the vessel Astrelle's operations, navigation, maintenance, safety, and vessel crew compliment," id. at 5;

    iv.    "the vessel is not subject to any manning requirements as set forth by either IMO or US Code of regulations for a vessel of her size," id.;

    v.    "the incident at issue was not caused by the lack of additional crew or undermanning," id.;

    vi.    "the crew was not overworked," id.;

    vii.    "the broken wiper is not an unseaworthy condition that played any role in causing [Plaintiff's] injuries," id. at 6;

    viii.    "the owners acted reasonably to keep the vessel maintained properly and had no notice of any defect in the vessel, or in particular, the wiper needing repair during the voyage at issue," id.;

    ix.    "the Astrelle was reasonably fit for her intended voyage," id. at 7;

    x.    Plaintiff "failed to use common sense and good seamanship as Captain of the vessel amounting to a failure to exercise reasonable care for his safety," id.

On June 10, 2011, Mr. Danti submitted a Supplemental Rebuttal Report [DE 30-1] stating, "there was no requirement for a handrail at the steps at issue."  Supp. Reb. Rep. at 3.

## II. DISCUSSION

In the instant motion, Plaintiff requests that the Court exclude some or all of Mr. Danti's testimony contained in his Rebuttal Report because: (1) Defendant disclosed the report late; (2) the report is incomplete; (3) Mr. Danti's methodology is flawed and unreliable; and (4) Mr. Danti's opinion will not assist the trier of fact.[1]  The Court will address each argument in turn.

### A. Timeliness

Plaintiff seeks to exclude Mr. Danti's Rebuttal Report as untimely under the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida.  These rules require "a party [to] disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A); see also S.D. Fla. L.R. 16.1(k).  "[T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case . . ."  Fed. R. Civ. P. 26(a)(2)(B).  "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [then disclosure must be made] within 30 days after the other party's disclosure."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Local Rule 16.1 for the Southern District of Florida similarly provides "that if the expert opinion evidence is intended solely to contradict or rebut

---

[1] Mr. Danti's Supplemental Rebuttal Report is not at issue here.  Though Plaintiff filed the instant motion before Mr. Danti submitted his Supplemental Rebuttal Report, Plaintiff filed his reply after the Supplemental Rebuttal Report and did not request to exclude any information contained therein.  Therefore, the Court reads the instant motion to request exclusion of the Rebuttal Report, but not to contest the Supplemental Rebuttal Report.

evidence on the same subject matter identified by another party's expert, then the expert summary or report shall be served no later than thirty (30) days after the expert summary or report is served by the other party." S.D. Fla. L.R. 16.1(k).

The deadline for initial expert disclosures and reports in this case was April 19, 2011. <u>See</u> Fed. R. Civ. P. 26(a)(2)(D). On that date, Plaintiff disclosed its expert, Mr. James W. Allen and submitted Mr. Allen's Initial Report [DE 18]. As such, the deadline for a rebuttal expert report was thirty days later, on May 19, 2011. <u>See</u> Fed. R. Civ. P. 26(a)(2)(D)(ii); S.D. Fla. L.R. 16.1(k). Defendant first provided Plaintiff with Mr. Danti's name, previous case list, curriculum vitae, and compensation information on April 19, 2011 at 6:28 p.m, within the deadline for initial expert disclosures. Thereafter, Defendant emailed Plaintiff Mr. Danti's Rebuttal Report on May 6, 2011 at 2:34 p.m. Mot. at 5, well before the rebuttal report deadline. Therefore, the Rebuttal Report was timely.

Further, even if this disclosure was untimely, any delay was harmless. Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). In his motion, Plaintiff represents that he did not know Defendant would produce Mr. Danti as an expert until 6:28 p.m. on April 19, 2011, and he did not know the subject of Mr. Danti's testimony until May 6, 2011. However, in his reply, Plaintiff concedes that he anticipated Defendant would produce an expert and was therefore prepared with his own expert: "Presuming the Defendant would meet this deadline and

4

looking at the Court's Order, Plaintiff found it prudent to submit its Expert Allen on April 19, 2011." Reply at 2.  Then, after Mr. Danti submitted his Rebuttal Report, Plaintiff's expert reviewed the report and submitted a Supplemental Report [DE 24-1] on May 13, 2011.  See Supp. Rep. at 3.  If Plaintiff wished to designate a rebuttal expert in response to Mr. Danti's Rebuttal Report, there was still time to do so, but Plaintiff chose not to.  Therefore, the Court will not exclude Mr. Danti's Rebuttal Report as untimely because the disclosure was timely pursuant to Rule 26 and Local Rule 16.1, and even if disclosure was untimely, any delay was harmless.

## B. Completeness of the Rebuttal Report

Next, Plaintiff argues that Mr. Danti's Rebuttal Report is incomplete and that the incompleteness has prejudiced Plaintiff because Plaintiff did not have a complete copy of the report by the deadline to file motions to limit or exclude expert testimony.  In response, Defendant states, "there is no need to somehow supplement the Report in order to make it final—it already is a final report."  Resp. at 3.  Plaintiff offers no argument in reply to Defendant's response.  See Reply.  Accordingly, as the Rebuttal Report is complete, the Court will not exclude Mr. Danti's testimony on the basis that the report is incomplete.

## C. Admissibility of Testimony

Plaintiff's final arguments concern the admissibility of Mr. Danti's testimony. Federal Rule of Evidence 702 controls determinations regarding the admissibility of expert testimony.  See Fed. R. Evid. 702; see also Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).  Pursuant to Rule 702, trial courts perform a three-part inquiry to determine the admissibility of expert testimony and "[t]he party offering the

5

expert has the burden of satisfying each of these three elements by a preponderance of the evidence."  Rink, 400 F.3d at 1292 (citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999)).  Specifically, a court must determine the following:

1.   Whether the expert is qualified to testify competently regarding the matters he intends to address;

2.   Whether the methodology by which the expert reaches his conclusions is sufficiently reliable; and

3.   Whether the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Quiet Tech. DC-8, Inc. v. Huerl-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003). District courts make such determinations "'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'"  Rink, 400 F.3d at 1291 (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)).  Stated differently, "district courts must act as 'gatekeepers' which admit expert testimony only if it is both reliable and relevant."  Id. (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).  Plaintiff's motion challenges Mr. Danti's methodology and the ability of his testimony to assist the trier of fact.

### 1. Methodology

An expert witness may be qualified to testify and give his opinions by way of  his knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.  To determine whether an expert's methodology is sufficiently reliable, the Court may make the following inquiries regarding the proposed expert's theory or technique:

1.      Whether it can be (and has been) tested;

2.      Whether it has been subjected to peer review and publication;

3.      What is its known or potential rate of error; and

4.      Whether it is generally accepted in the field.

Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 145 (1999) (citations omitted).

Notwithstanding, the Court has "substantial discretion" in deciding how to test an

expert's reliability.  Rink, 400 F.3d at 1292 (quoting United States v. Majors, 196 F.3d

1206, 1215 (11th Cir. 1999)).

In his Rebuttal Report, Mr. Danti declares that his opinions are "[b]ased on my

experience as outlined in my resume and the current information that I have reviewed

and analyzed."  Reb. Rep. at 4.  His resume includes experience as the Dean of

Instruction for the Chapman School of Seamanship and an Instructor of Marine Science

at Florida Institute of Technology.  Danti Curriculum Vitae at 11 [DE 20-1 at 11-15].  Mr.

Danti also has various experience as a sailor and engineer.  Id.  Over the past 30 years,

Mr. Danti has served as Captain, Naval Officer, Mate, Instructor, Owner, and/or

Operator of 16 vessels.  Id. at 12.  Finally, his resume details his coast guard and

Marine Radio Operators licenses, his certifications and endorsements, his instructor

approvals, his awards and honors, and his military background and training.  Id. at 13-

14.  In preparing his report, Mr. Danti consulted various pleadings, factual documents,

and deposition testimony, as well as the following research materials: IMO Resolution

A.890 (21); CFR 46 & 33; Weather Underground Data for Savannah, Georgia for

October 15, 2007; and Savannah NOAA Data Buoy Weather for October 15, 2007.

Reb. Rep. at 2.

Plaintiff does not suggest that Mr. Danti's methods are untested, would fail peer review, or are subject to any kind of rate of error, nor does Plaintiff suggest that Mr. Danti's methods are unaccepted in the marine safety industry. Instead, Plaintiff invokes United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004), for the proposition that when an expert "rel[ies] solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Frazier, 387 F.3d at 1261 (citing Committee Note to 2000 Amendments to Fed. R. Evid. 702). Plaintiff argues that Mr. Danti's methods are not reliable because he bases his methods on his experience, but he does not connect his experience directly to his opinions.

As an initial matter, the Court notes that Mr. Danti's Rebuttal Report is not based exclusively on his experience. See, e.g., Reb. Rep. at 5 (opinion iv, based on IMO standards and US Code of Regulations); Reb. Rep. at 5 (opinion iii, based on "industry expectations and standards."). Though it might have been helpful for Mr. Danti to connect each opinion directly to his experience or research tools, he still bases his opinions on his personal experience and marine industry training, just as Plaintiff's expert, Mr. Allen, does in his reports. For instance, in opinion x, the connection to Mr. Danti's experience and research tools, though not explicitly detailed, is apparent. Mr. Danti discusses the weather on October 15, 2007, which he presumably obtained from the weather reports, he suggests ways that Plaintiff could have avoided repairing the windshield wiper, which he presumably knows from his seaman experience and marine knowledge, and he opines that the vessel was sufficiently manned, which he presumably knows from his own experience and training.

8

In responding to Plaintiff's motion, Defendant emphasizes that "unlike most of the reported *Daubert* decisions, this case does not involve scientific, technical, or breakthrough type research, analysis and opinion.  The issues involved in this case involve application of seamanship principles."  Resp. at 6.  Defendant suggests that "[a]n expert of Mr. Danti's capacity analyzing applicable principles would draw exactly the same conclusion: Plaintiff was not overworked, the vessel was properly manned, there was no unseaworthiness in this case, and the Plaintiff acted irresponsibly at the times material hereto."  Id.  Of course, Plaintiff's counsel will be free to cross examine Mr. Danti about his opinions, point out any evidence he did not consider, and argue to the jury that the failure to consider the evidence makes his opinion less probative than another expert's opinion.  The jury can then decide for itself which expert to believe.  But the fact that Plaintiff disagrees with Mr. Danti's opinions does not render the opinions inadmissible.  Under the circumstances, the Court finds that Defendant has met its burden to prove by a preponderance of the evidence that Mr. Danti's methods are sufficiently reliable.  See Rink, 400 F.3d at 1292; Quiet Tech. DC-8, Inc., 326 F.3d at 1340.  Therefore, the Court will not preclude Mr. Danti from testifying as an expert on the basis of his methodology.

## 2. Assisting the Trier of Fact

Even when an expert is qualified and his methods are sufficiently reliable, the expert's testimony still should not be admitted unless it will assist the trier of fact to understand the evidence or to determine a fact in issue through the application of expertise.  Quiet Tech. DC-8, Inc., 326 F.3d at 1340.  Plaintiff argues that certain of Mr. Danti's opinions should be excluded as unhelpful because the opinions do not concern

9

matters beyond the understanding of the average person, the opinions consist of issues of fact which are for the jury to decide, or the opinions contain legal conclusions.  Mot. at 12-13.

First, Plaintiff contends that opinion x should be excluded as unhelpful.  "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person."  Frazier, 387 F.3d at 1262.  "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."  Id. at 1262-63.  According to Plaintiff, because "it can be argued that based on pure life experience with events of comparable stress and danger, most if not all jurors could easily understand any dangers present to [Plaintiff] the day of his voyage," Mot. at 12, Mr. Danti's opinion on this topic should be excluded.  However, Mr. Danti draws on his personal experience and training when coming to this opinion.  The Court is not convinced that most jurors would necessarily understand the dangers and risks associated with repairing a wiper during a sea voyage or would necessarily know the alternative options other than repairing the broken wiper "based on pure life experience."  Therefore, opinion x will not be excluded because it will assist the jury to determine such facts through Mr. Danti's expertise.

Second, Plaintiff contends that opinion iii regarding Plaintiff's duties under his employment contract, is an issue of fact for the jury to decide, and should therefore be excluded.  Mot. at 12-13.  However, this opinion is not based on the employment contract.  In this opinion, Mr. Danti concludes that Plaintiff "was responsible for the vessel Astrelle's operations, navigation, maintenance, safety, and vessel compliment," based on Plaintiff's testimony, the fact that Plaintiff was the *Astrelle*'s captain for over a

dozen years, and Plaintiff's actions in managing, operating, and navigating the vessel. As Defendant states, this opinion "is premised upon industry standards and the testimony of Plaintiff's compliance with those standards." Resp. at 10. Therefore, opinion iii will not be excluded because it will assist the trier of fact.

Finally, Plaintiff argues that a number of Mr. Danti's opinions should be excluded as improper legal conclusions. A legal conclusion is an improper subject for expert testimony. See Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537 (11th Cir. 1990). An expert "cannot testify to the legal implications of conduct [because] the court must be the jury's only source of law." Id. Plaintiff seeks to exclude opinions i, ii, v, vii, viii, and ix as legal conclusions, Mot. at 12, but these opinions are not legal conclusions. Rather, they are opinions within Mr. Danti's expertise, and are responses to Plaintiff's expert, Mr. Allen's, opinions that the vessel was undermanned, unseaworthy, and unsafe. Therefore, these opinions will not be excluded as improper legal conclusions.

### III. CONCLUSION

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff William T.F. Cowley's Motion in Limine to Exclude Testimony of Thomas E. Danti [DE 25] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of July, 2011.

_James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF