UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61928-CIV-COHN/SELTZER

WILLIAM T.F. COWLEY,

     Plaintiff,

v.

SUNSET YACHT CHARTERS, INC.,

     Defendant.

_____/

## ORDER GRANTING MOTION IN LIMINE [DE 48]

**THIS CAUSE** is before the Court on Plaintiff William T.F. Cowley's Motion in Limine [DE 48].  The Court has considered the motion, Defendant Sunset Yacht Charters, Inc.'s Response [DE 71], and the record in this case, and is otherwise advised in the premises.

Plaintiff seeks to preclude "Defendant from mentioning, introducing, and/or admitting evidence of any benefits received by the Plaintiff from other sources, including but not limited to those received from his health insurance company."  DE 48 at 5.  Plaintiff merely seeks to exclude this evidence from trial, and makes clear that the request "is without prejudice to the parties' reserving all of their respective rights to discuss entitlement to and quantum of set off and/or potential reductions, if any, in a post-judgment, post-trial hearing on the matter."  Id. at 3.  In support of his request, Plaintiff invokes the collateral source rule.

"Under the 'collateral source rule,' compensation for injuries from a source wholly independent of the tortfeasor is not deducted from the damages recovered against the

tortfeasor." <u>Southern v. Plumb Tools, Div. of O'Ames Corp.</u>, 696 F.2d 1321, 1323 (11th Cir. 1983).  Allowing a defendant to introduce evidence that a plaintiff has received benefits from his employer or from collateral sources like an insurance company is considered "unquestionably prejudicial to the plaintiff's case." <u>Id.</u> (citing <u>Eichel v. N.Y. Central R.R.</u>, 375 U.S. 253 (1963) and <u>Tipson v. Socony Mobil Oil Co.</u>, 375 U.S. 34 (1963)).  Accordingly, as any mention of Plaintiff's health and disability insurance payments would be unquestionably prejudicial to his case, the Court will exclude this evidence.

Defendant responds that the evidence of payments provided by Plaintiff's health and disability insurer is relevant and admissible for two separate purposes: (1) to show that SeaSafe Consultants, Inc. ("SeaSafe"), rather than Defendant, was Plaintiff's employer for the purposes of the Jones Act negligence claim and the maintenance and cure claim; and (2) to show that the parties adhered to corporate formalities in their relationship.  However, when evidence is inadmissible pursuant to the collateral source rule, the purpose of introducing the evidence is irrelevant.  <u>Bourque v. Diamond M. Drilling Co.</u>, 623 F.2d 351, 354 (5th Cir. 1980).  Such evidence is inadmissible "because of the danger that the jury might consider it in calculating damages.  Thus, the collateral source rule bars both evidence directly bearing on damages and evidence which might be considered by the jury in assessing damages." <u>Id.</u>  Like <u>Tipton</u>, where admitting evidence that the plaintiff received worker's compensation benefits was reversible error even though the evidence was only offered to establish that the plaintiff was a seaman within the meaning of the Jones Act, <u>Tipton</u>, 375 U.S. at 37, and like <u>Eichel</u>, where evidence of disability payments was inadmissible for impeachment purposes, <u>Eichel</u>,

2

375 U.S. at 254-55, evidence of Plaintiff's insurance payments would be prejudicial here even if only admitted to show the relationship between Plaintiff, SeaSafe, and Defendant.[1]

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff William T.F. Cowley's Motion in Limine [DE 48] is **GRANTED**.  Defendant is hereby precluded from mentioning, introducing, and/or admitting evidence of any benefits received by the Plaintiff from collateral sources, including but not limited to those received from his health insurance company.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[1] Defendant's argument that evidence of Plaintiff's insurance payments is admissible because general maritime law recognizes the subrogation rule is irrelevant at this stage.  The subrogation rule is "an exception [to the collateral source rule] where an insurer has the right to subrogate against the tortfeasor who injured the plaintiff." Hoffman v. Halcot Shipping Corp., Case No. 03-30301, 2004 WL 692344, at *1 (5th Cir. Apr. 1, 2004).  As previously stated, Plaintiff makes clear that his request in the instant motion "is without prejudice to the parties' reserving all of their respective rights to discuss entitlement to and quantum of set off and/or potential reductions, if any, in a post-judgment, post-trial hearing on the matter." Id. at 3.