UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61928-CIV-COHN/SELTZER

WILLIAM T.F. COWLEY,

    Plaintiff,

v.

SUNSET YACHT CHARTERS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION IN LIMINE [DE 52]

**THIS CAUSE** is before the Court on Defendant Sunset Yacht Charters, Inc.'s Motion in Limine to Preclude Testimony of Plaintiff's Future Lost Income [DE 52]. The Court has considered the motion, Plaintiff William T.F. Cowley's Response [DE 74], and the record in this case, and is otherwise advised in the premises.

Defendant seeks to preclude Plaintiff from offering evidence of his future lost income at trial on the basis that Plaintiff cannot present sufficient evidence for a future lost income calculation. Courts require "more than speculative opinion when determining damages for prospective earnings loss." Benjamin v. Peter's Farm Condo. Owners Ass'n, 820 F.2d 640, 642 (3d Cir. 1987). Thus, "[t]o support a future earning loss calculation, a plaintiff must present an evidentiary basis with proper foundation and sufficient factual predicates." Evans v. BV Shipping Co. Lombok Strait, Case No. 09-3139, 2009 WL 3233524, at *2 (D.N.J. Oct. 5, 2009) (citations and quotations omitted). "Although mathematical exactness is not required, testimony of post-injury earning capacity must be based upon the proper factual foundation." Id.

Defendant argues that Plaintiff cannot provide an objective assessment of his future earnings capacity because he has not identified a vocational rehabilitation expert or an economist.  Yet, a vocational expert or economist is not an absolute prerequisite to prove a loss of future earning capacity.  Barocco v. Ennis Inc. of Co., Case No. No. Civ.A.02-1450, 2003 WL 1342973, at *2 (E.D. La. March 19, 2003) aff'd,100 Fed. App'x 965 (5th Cir. 2004).  "Depending on the quality of the evidence given by the plaintiff and [his] physician concerning plaintiff's injury and degree of impairment, prior work history, current work restrictions and post-injury employment efforts, plaintiff could create a jury issue on loss of earning capacity without a vocational rehab expert." Id.

Plaintiff's evidence regarding future lost income will be based not only on his own testimony but also on his treating physicians' testimony.  DE 74 at 1.  Plaintiff states that his "treating physicians will establish that Plaintiff was a healthy 60 year old at the time of his injury and will also establish that the injury suffered aboard the vessel has debilitated the Plaintiff from pursuing any gainful employment for the remainder of his working-life.  The testimony will establish that, but for the injury, the Plaintiff could have continued to work in a ship captain capacity until he retired, i.e. the physician will opine that Plaintiff cannot return to gainful work in any capacity whatsoever." Id. at 3.

In support of its motion, Defendant compares this case to Evans, where the court refused to permit an award of future lost income because the award would be speculative.  Evans, 2009 WL 3233524, at *2.  However, in Evans, the plaintiff's doctor only testified regarding plaintiff's hand injury, but plaintiff sought an award based on other injuries he had sustained as well.  The court precluded the plaintiff from testifying regarding his other injuries because there was no doctor to provide a foundation for the

testimony.  In contrast, here, Plaintiff represents that his physicians will testify regarding his entire condition.  In essence, Plaintiff's physicians will provide the "proper foundation and sufficient factual predicates" that were lacking in Evans.  Therefore, the Court will not exclude the evidence of Plaintiff's future lost income at trial.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Sunset Yacht Charters, Inc.'s Motion in Limine to Preclude Testimony of Plaintiff's Future Lost Income [DE 52] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF