UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61928-CIV-COHN/SELTZER

WILLIAM T.F. COWLEY,

    Plaintiff,

v.

SUNSET YACHT CHARTERS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION IN LIMINE [DE 54]

**THIS CAUSE** is before the Court on Defendant Sunset Yacht Charters, Inc.'s Motion in Limine to Preclude Testimony of Plaintiff's Medical Lien and Expenses [DE 54]. The Court has considered the motion, Plaintiff William T.F. Cowley's Response [DE 77], and the record in this case, and is otherwise advised in the premises.

Defendant seeks to preclude Plaintiff from offering evidence of his medical lien(s) and medical expenses at trial. Defendant argues that such evidence is irrelevant, and even if relevant, the danger of prejudice or jury confusion outweighs the evidence's probative value.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, pursuant to Rule 403, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant argues that evidence of Plaintiff's medical liens is irrelevant because it "does not effect whether the expenses were reasonable, or the treatment was necessary." DE 54 at 2.  Moreover, Defendant contends that "introduction of Plaintiff['s] inability to pay a lien or the existence of an insurance lien would only excite the jury's sympathy," id., and that the evidence might induce the jury to "improperly conclude that Plaintiff would be liable for a lien regardless of his recovery," id.

In response, Plaintiff states that he "*agrees* that evidence of whether the Plaintiff received benefits from a collateral source like his insurance company, regardless of whether a lien was created or not, should be precluded from evidence at trial." DE 77 at 2.  In fact, Plaintiff has filed his own motion in limine seeking to exclude evidence of any benefits received by the Plaintiff from other sources based on the collateral source rule.  See DE 48.  Plaintiff objects to the instant motion only to the extent that Defendant seeks to preclude the value of Plaintiff's medical bills.  DE 77 at 2.

Defendant's motion does not request preclusion of the value of any medical bills.  It merely requests that the Court "prohibit Plaintiff, Plaintiff's Counsel and Plaintiff's witnesses from introducing any testimony or evidence of a medical lien."  DE 54 at 3.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Sunset Yacht Charters, Inc.'s Motion in Limine to Preclude Testimony of Plaintiff's Medical Lien and Expenses [DE 54] is **GRANTED**.  Plaintiff, Plaintiff's Counsel and Plaintiff's witnesses are hereby

precluded from introducing any testimony or evidence of a medical lien(s).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

3