UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61928-CIV-COHN/SELTZER

WILLIAM T.F. COWLEY,

    Plaintiff,

v.

SUNSET YACHT CHARTERS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION IN LIMINE [DE 57]

**THIS CAUSE** is before the Court on Plaintiff William T.F. Cowley's Motion in Limine [DE 57]. The Court has considered the motion, Defendant Sunset Yacht Charters, Inc.'s Response [DE 76], and the record in this case, and is otherwise advised in the premises.

    Plaintiff seeks to strike from Defendant's witness list 50 witnesses who were not included in Defendant's Rule 26(a) initial disclosures. Federal Rule of Civil Procedure 26(a) requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made

known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

On June 20, 2011, Defendant submitted its Initial Witness and Exhibit Lists, with Deposition Designations [DE 39], listing 57 trial witnesses.  Plaintiff notes that only 7 of those 57 were disclosed in Defendant's Initial Rule 26 Disclosures [DE 57-1 at 1-3], and therefore asks the Court to strike the remaining 50 witnesses, DE 57 ¶ 12.  On July 5, 2011, two weeks after filing the instant motion, Plaintiff submitted a Notice of Adoption of Records Custodians on Plaintiff's Witness List [DE 58], stating that he "adopts the records custodians at #35-57 on his Witness List and removes these individuals from the Court's consideration and analysis in Plaintiff's Motion in Limine at DE 57." DE 58 ¶ 6.  As such, currently at issue are witnesses #7-21 and #23-34.

Defendant does not dispute that these witnesses were not included in the initial disclosures, but argues that it had no obligation to supplement its disclosures because the witnesses are either listed for impeachment purposes or Plaintiff was otherwise made aware of them.  Defendant represents that 22 of the previously non-disclosed witnesses are medical providers, that Plaintiff himself identified two of the witness, Andrew Barnes (#9) and Zach R. Bubier (#10), and that Plaintiff recruited Tyler Flood (#7) as his replacement as captain for the *Astrelle*.  Defendant further notes that Matt Womble (#34)'s name appears in a "plethora of e-mails."  DE 76 at 4.  Mr. Flood and Mr. Womble are both designated as corporate representatives for Defendant, and the discovery responses include Defendant's corporate representations.  Finally, Defendant states that "[t]he balance of the witnesses at issue are noted in an abundance of caution in the event that they may be needed for impeachment purposes." DE 76 at 2.

Rule 26 does not require disclosure of witnesses who will be used solely for impeachment, Fed. R. Civ. P. 26(a)(1)(A)(i), nor does it require a party to supplement its disclosures if the supplemental information has already "been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A). Accordingly, in light of the fact that the witnesses omitted from Defendant's initial disclosures are either listed solely for impeachment purposes or were somehow made known to Plaintiff during the discovery process or in writing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff William T.F. Cowley's Motion in Limine [DE 57] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF